1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ROBERT SILVIS,<br><br>　　　　　　Plaintiff,<br>　　v.<br>COUNTY OF RIVERSIDE,<br><br>　　　　　　Defendant. | No. 5:23-cv-00670-JFW-AJR<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

　　For the reasons discussed below, the Second Amended Complaint is dismissed with leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

**I.**

**BACKGROUND**

　　On April 13, 2023, John Robert Silvis ("Plaintiff"), a *pro se* civil detainee incarcerated at the Coalinga State Hospital, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  (Dkt. 1.)  Plaintiff's claims arise out of his former place of confinement, the Riverside County Jail – Robert Presley Detention Center ("RPDC"), from November 2020 through May 2021.  The original

1  Complaint named only the County of Riverside as a Defendant. (Id. at ¶ 7.) On
2  September 7, 2023, the Court issued an order dismissing the Complaint with leave
3  to amend. (Dkt. 9.)
4     On October 10, 2023, Plaintiff filed a First Amended Complaint ("FAC").
5  (Dkt. 12.) The FAC again named only the County of Riverside as a Defendant. (Id.
6  at ¶¶ 6-7.) On October 23, 2023, the Court issued an order dismissing the FAC with
7  leave to amend. (Dkt. 13.)
8     On November 3, 2023, Plaintiff filed the operative Second Amended
9  Complaint ("SAC"; Dkt. 14), accompanied by an attached declaration of Plaintiff
10 ("Declaration"; Dkt. 15.)[1] The SAC again names Defendant County of Riverside,
11 and also adds Defendant Sheriff Chad Bianco, both sued in their official capacities
12 only (collectively "Defendants"). (Dkt. 14 at ¶¶ 7-8.)

## II.

## SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

17     The factual allegations of the SAC appear substantively identical to those in
18 the original Complaint and the FAC. Plaintiff alleges that he has been held as a civil
19 detainee since 2020. (Id. at ¶¶ 6, 9.) The SAC lists a number of alleged conditions
20 of confinement at RPDC, which Plaintiff claims violated his constitutional right to
21 due process. (Id. at ¶¶ 29-30.)
22    On November 24, 2020, Plaintiff was transported by the Riverside County
23 Sheriff's Deputies to RPDC pending civil proceedings under California Welfare and
24 Institutions Code sections 6600, *et seq.* (Id. at ¶¶ 6, 9.) Under California's Sexually
25 Violent Predators ("SVP") Act, California Welfare and Institutions Code sections

---

[1] Plaintiff's Declaration consists of a summary of twenty (20) administrative grievances that he filed while he was at RPDC during the relevant period from November 2020 to May 2021. (See Dkt. 15.)

2

6600, *et seq.*, "persons serving prison sentences may be referred for possible civil commitment at the conclusion of their terms on grounds that they are SVPs." People v. Shazier, 60 Cal. 4th 109, 125-26 (2014) (citation omitted). The Act provides that, after a finding of probable cause following a hearing, the individual is entitled to jury trial on the issue whether the individual likely will engage in sexually violent behavior if released. Id.; see Cal. Welf. & Inst. Code §§ 6602-660. A person found to be an SVP is committed for appropriate treatment and confinement in a secure facility designated by the Director of State Hospitals located on the grounds of an institution under the jurisdiction of the California Department of Corrections and Rehabilitation. Cal. Welf. & Inst. Code § 6604.

Upon arrival at RPDC, Plaintiff had to wear red top and yellow bottoms that clearly designated Plaintiff as a civil detainee being held under the SVPA. (Id. at ¶ 11.) Based on the Sheriff's Department policy, this designation placed Plaintiff's "life in danger." (Id. at ¶¶ 11, 14.) Plaintiff was verbally harassed and assaulted by other inmates. (Id. at 14.)

During the entire period he was at RPDC, Plaintiff was housed on the 7th Floor in the "Isolation Cell." (Id. at ¶ 12.) The isolation cells are for disciplinary reasons or for high-risk inmates. (Id. at ¶ 13.) The conditions in the isolation cells were "the most restrictive" in the county jail. (Id.)

Plaintiff's repeated requests to be transferred to the Larry Smith Correctional Facility where SVP detainees have better conditions were all denied. (Id. at ¶¶ 15, 17.) "The Defendant" has no justification to house Plaintiff in these "punitive" housing conditions. (Id. at ¶ 26.)

While Plaintiff was housed in the Isolation Cell and treated as an "Ad-Seg inmate," Plaintiff was denied consistent phone access, canteen items, dayroom access, outdoor recreation, hot water, religious services, educational services, newspaper, and regular access to clean clothes, showers, and television. (Id. at ¶¶ 13, 19, 21-24.)

1  Plaintiff was "cross-chained" on four or five different occasions during the
2  transportation for court appearances. (Id. at ¶ 25.) Plaintiff's criminal detainee
3  counterparts were not subject to these restraints. (Id.) Plaintiff filed grievances but
4  they were denied. (Id. at ¶ 28; Dkt. 15.)

Plaintiff seeks compensatory damages of $30,000, appointment of counsel, and any other relief the Court deems appropriate. (Dkt. 14 at 8.)

## III.
## DISCUSSION

### A. Plaintiff Fails to State a *Monell* Claim Against Defendants.

The Court must construe Plaintiff's official capacity claims against Defendant Sheriff Chad Bianco as a claim against the County of Riverside. As the Court previously advised, Plaintiff may not sue the County of Riverside, the Riverside County Sheriff's Department, Sheriff Chad Bianco, or the RPDC for alleged constitutional violations on a theory of *respondeat superior*, which is not a theory of liability cognizable under 42 U.S.C. section 1983. See Connick v. Thompson, 563 U.S. 51, 60 1359 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). This means that the County of Riverside cannot be sued simply because employees of the County violated Plaintiff's constitutional rights. Instead, the County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom, or usage. See Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("Monell"); see also Horton by Horton v. Cty. of Santa Monica, 915 F.3d 592, 603-04 (9th Cir. 2019) ("[M]unicipalites may be liable under § 1983 for constitutional injuries pursuant to . . . a pervasive practice or custom."). A plaintiff seeking to impose liability on a municipality under Monell must allege facts showing that: (1) the constitutional

4

violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act. Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Here, Plaintiff's conclusory allegations that the County of Riverside purportedly are responsible for the individual deputies' alleged wrongdoing are insufficient. Meehan v. Cnty. of Los Angeles, 856 F.2d 102, 106-07 (9th Cir. 1988) ("A governmental entity cannot be held liable under section 1983 solely because it has a tortfeasor in its employ . . ."); see also Iqbal, 556 U.S. at 678; Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). In the SAC, Plaintiff appears to rely on an older Ninth Circuit case in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), stating that Plaintiff was treated "below the standards" established under Jones for conditions of confinement for civil detainees and that the Sheriff's Department and its deputies' conduct conformed to official custom and practice" suffices to plead a Monell claim. (Dkt. 14 at ¶ 29.) Such statements are no longer good law after Iqbal. See AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr govern municipal liability claims); Lopez v. Cnty. of Los Angeles, 2015 WL 3913263, at *6-7 (C.D. Cal. Jun. 25, 2015) (concluding that after Iqbal, prior Ninth Circuit standard allowing bare allegations of Monell liability is no longer viable; collecting cases).

Additionally, liability under Monell may not be predicated on "isolated or sporadic incidents," but "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir.

2014). Again, the SAC does not contain sufficient plausible factual allegations to plead a cognizable Monell claim against the County under these standards.

Moreover, and as the Court advised, while Plaintiff's allegations that the deputies imposed harsher conditions on SVPA detainees than their criminal counterparts suggest presumptively punitive conditions of confinement, these allegations do not permit the Court to draw the reasonable inference that the County has a "permanent and well settled" custom of committing the illegal acts alleged. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) ("There must be a 'direct causal link' between the policy or custom and the injury, and [plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'"). Likewise, Plaintiff's repetitive assertion that the same issues and "pattern" have been raised in other lawsuits by similarly situated plaintiffs does not adequately identify the specific policy statements or regulations of the County that caused the alleged constitutional injuries (Dkt. 14 at ¶¶ 5, 10). See Monell, 436 U.S. at 691.

In the event Plaintiff might purport to sue Defendant Sheriff Chad Bianco for damages in his individual capacity, the pleaded allegations in the SAC would also be insufficient. Plaintiff may not sue Sheriff Chad Bianco or any supervisor pursuant to 42 U.S.C. section 1983 on a theory that the supervisor is liable for the acts of his or her subordinates. See Polk Cnty., 454 U.S. at 325. A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Iqbal, 556 U.S. at 667. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." Watkins v. City. of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)). To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

1  personally involved in the deprivation of his civil rights." Barren v. Harrington, 152
2  F.3d 1193, 1194 (9th Cir. 1998). The SAC asserts no facts showing Sheriff Chad
3  Bianco's personal involvement in any constitutional deprivation Plaintiff may have
4  suffered, or the requisite causal connection for liability in his individual capacity.

Accordingly, as reasoned above, Plaintiff fails to state a valid Monell claim against the County, and the SAC must be dismissed, with leave to amend.

### B. The SAC Violates Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 686.

Here, once again, Plaintiff's pleaded allegations in the SAC, which are nearly identical to those in the original Complaint and FAC, fail to comply with Rule 8. The SAC recites instances of alleged wrongdoing without indicating which individual, if any, purportedly was responsible. For example, Plaintiff uses the term "the Defendant" and "the Deputies" without specifying to which deputies or defendant he refers and makes general conclusory allegations of alleged wrongdoing unsupported by specific factual allegations. A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Cafasso, U.S. ex rel., 637 F.3d at 1059; see, eg., Steinley v. Health Net, Inc., 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4, 2018) ("Generally,

'[u]ndifferentiated pleading against multiple defendants is improper' because it fails to give each defendant notice of the specific allegations and claims that pertain to it.") (citation omitted); E.D.C. Tech., Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper") (citations, internal brackets and quotations omitted). Accordingly, the SAC is dismissed with leave to amend.

## C. Plaintiff's Challenges to the Conditions of Confinement Are Insufficient.

The Fourteenth Amendment applies to the conditions of confinement for civil detainees, such as SVP detainees, and requires the government to "do more than provide the minimal civilized measure of life's necessities" for such detainees. Jones, 393 F.3d at 931 (internal quotation omitted). "[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Id. (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). This requirement means that a civil detainee cannot be subjected to conditions that amount to punishment. King v. Cnty. of Los Angeles, 885 F.3d 548, 556-57 (9th Cir. 2018) (citing Jones, 393 F.3d at 932). "[W]hen a SVP detainee is confined in conditions identical to, similar to, or more restrictive than those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" Id. (citing Sharp v. Weston, 233 F.3d 1166, 1172-73 (9th Cir. 2000)). Additionally, "when an individual awaiting SVPA adjudication is detained under conditions more restrictive than those the individual would face following SVPA commitment, we presume the treatment is punitive." Id. at 933.

Here, the SAC itself does not clearly assert a Fourteenth Amendment claim challenging Plaintiff's conditions of confinement, but the factual allegations in the body of the SAC appear to be substantively identical to Plaintiff's Fourteenth Amendment claim contained in the original Complaint and the FAC. Thus, Plaintiff appears to be attempting to amend his previous pleadings to remove the Fourteenth

Amendment claim contained in those previous pleadings.  The Court advises Plaintiff that whether his intention is to proceed with or without a Fourteenth Amendment claim, Plaintiff must state clearly and concisely the grounds upon which his Third Amended Complaint rests, if any.

In any event, to the extent Plaintiff contends in the SAC that his Fourteenth Amendment due process rights were violated based on being placed in a non-SVP designated cell during his time at RPDC, once again, any such claim is insufficient. As set forth above, Plaintiff alleges that he was subjected to conditions of confinement that were more restrictive than other SVP detainees and criminal inmates.  Plaintiff allegedly was denied canteen items, showers, hot water, clean clothes, tv access, dayroom access, outdoor recreation, religious and educational services, newspaper access, and telephone access.  Plaintiff, once again, does not allege any specific facts with respect to these alleged conditions, however. Plaintiff's entitlement to relief requires more than the "labels and conclusions" set forth above.  <u>Twombly</u>, 550 U.S. at 555.  Plaintiff fails to name a single defendant or allege with any degree of specificity the actionable conduct of each defendant as it relates to any of these deprivations.

Accordingly, to the extent Plaintiff is asserting a Fourteenth Amendment due process claim based on the conditions of his confinement, this claim is insufficient and the SAC is dismissed with leave to amend.

## IV.
## ORDER

The Second Amended Complaint is dismissed with leave to amend.  On or before **December 22, 2023**, Plaintiff shall file a Third Amended Complaint ("TAC") that attempts to remedy the identified defects.  If Plaintiff chooses to file a TAC, it should bear the docket number assigned to this case (5:23-cv-00670-JFW-

9

1AJR), be labeled "Third Amended Complaint," and be complete and of itself without reference in any manner to the previous two complaints or any other documents (except any documents that Plaintiff chooses to attach to the TAC as exhibits).

Plaintiff is explicitly cautioned that failure to timely file a TAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is further advised that if he no longer wishes to pursue this action or any particular defendant, he may voluntarily dismiss the action or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience. If Plaintiff utilizes the Notice of Dismissal, he is instructed to clearly state whether he is dismissing the entire action or only certain claims or certain defendants.

Plaintiff's request for the appointment of counsel ("Request") is once again denied without prejudice. The Request, identical to the requests made in the original Complaint and FAC, reflects that Plaintiff has demonstrated sufficient ability to proceed pro se. The present action is not complex. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Zamora v. Smith, 2008 WL 467690 (9th Cir. Feb. 20, 2008).

IT IS SO ORDERED.

Dated: November 22, 2023

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).