**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ROBERT SILVIS,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF RIVERSIDE.<br><br>                Defendant. | Case No. 5:23-cv-00670-JFW-AJR<br><br>**AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On March 20, 2026, this Court issued an Order Accepting Findings, Conclusions, and Recommendations of United States Magistrate Judge (the "Order Accepting"), (Dkt. 43), and entered Judgment dismissing this action with prejudice. (Dkt. 44.)  The Order Accepting noted that the time for filing objections had passed, and the Court had not received any objections.  (Id.)  Thereafter, on March 23, 2025, the Clerk's Office received Objections which were posted to the docket on March 25, 2026.  (Dkt. 45.)

In light of Plaintiff's subsequently filed Objections, the Court has reviewed Plaintiff's Fourth Amended Complaint (the "4AC"; Dkt. 36), Defendant's Motion to Dismiss (Dkt. 37), the Report and Recommendation of the United States Magistrate Judge (the "R&R"; Dkt. 41), Plaintiff's Objections (Dkt. 45), and the

entire record.  The Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objected.  See 28 U.S.C. § 636(b)(1).  Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to change its prior decision to accept the findings, conclusions, and recommendations in the R&R for the reasons set forth below.

### 1.    Rule 8 Objections.

Plaintiff first contends that the Magistrate Judge erred in concluding that the 4AC violates Federal Rule of Civil Procedure 8 because Plaintiff was not required to identify individual deputies and instead sufficiently alleged a pervasive systemic custom.  (Dkt. 45 at 1, 3-4.)  This objection lacks merit.  As the R&R explains, although Plaintiff added factual details regarding the conditions of confinement, the 4AC still fails to identify any specific individual responsible for the alleged conduct or to allege facts showing participation or knowledge by any particular actor.  (Dkt. 41 at 10-12.)  The 4AC instead relies on generalized references to "deputies," which is insufficient to provide fair notice under Rule 8.  (Id. at 11-12).  Plaintiff's reliance on Ninth Circuit authority permitting Doe pleading is unpersuasive because, as explained in the R&R, even in those circumstances, a plaintiff must allege facts sufficient to identify the roles of the unknown defendants and link them to the alleged misconduct.  (Id.)  Here, Plaintiff once again failed to do so in the 4AC.

### 2.    Monell Objections.

Plaintiff next contends that the Magistrate Judge improperly rejected his Monell claim despite allegations of a widespread custom, failure to train, and ratification.  (Dkt. 45 at 2, 6-10.)  This objection lacks merit.  As the R&R explains, Plaintiff's Monell allegations are conclusory and lack sufficient factual support. (Dkt. 41 at 12-15.)  Although Plaintiff references departmental policies and asserts that deputies failed to follow them, allegations that employees violated

constitutional policies do not establish municipal liability.  (Id. at 13-14.)  Further, as explained in the R&R, Plaintiff fails to allege facts showing that any official policy or longstanding custom was the moving force behind a constitutional violation, that a final policymaker ratified the conduct, or that any failure to train amounted to deliberate indifference.  (Dkt. 41 at 13-15.)

### 3.      Due Process Objections.

Plaintiff also argues that the Magistrate Judge failed to recognize that the 4AC states a viable Fourteenth Amendment due process claim under Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004) and King v. County of Los Angeles, 885 F.3d 548 (9th Cir. 2018).  (Dkt. 45 at 2, 11-13.)  Plaintiff contends that the Magistrate Judge improperly collapsed the due process analysis into the Monell analysis and concluded that, because Monell liability was not adequately pleaded, dismissal of the action was warranted.  (Id. at 11.)

This objection is unpersuasive.  The Magistrate Judge did not improperly collapse the due process analysis into the Monell analysis.  Rather, the R&R correctly recognized that, because the County of Riverside is the sole defendant, Plaintiff must plausibly allege both an underlying constitutional violation and a basis for municipal liability under Monell.  (Dkt. 41 at 12-15.)  Even assuming, without deciding, that Plaintiff's allegations could implicate a Fourteenth Amendment violation under Jones or King, the 4AC still fails because Plaintiff does not plausibly allege that any such violation was caused by an official policy, custom, or practice of the County of Riverside.  (Dkt. 41 at 12-15; see also Dkt. 36 at 112, 10-12.)  Absent such allegations, Plaintiff cannot state a claim against the County under Section 1983.  Accordingly, the Magistrate Judge properly concluded that dismissal was warranted.

### 4.      Prior Lawsuit And Notice Objections

Plaintiff contends that the Magistrate Judge erred in discounting prior

lawsuits as insufficient to establish notice and a pattern of constitutional violations sufficient to support municipal liability under Monell. (Dkt. 45 at 8-10.)  The Court finds no error.  As explained in the R&R, Plaintiff's references to prior lawsuits lack sufficient factual detail to establish a pattern of similar violations or deliberate indifference on the part of the County of Riverside.  (Dkt. 41 at 14-15.)  Further, as the R&R correctly noted, the prior lawsuits involved a different facility, the Larry D. Smith Correctional Facility, rather than the Riverside County Jail–Robert Presley Detention Center ("RPDC"), where Plaintiff was confined.  (Dkt. 41 at 14 n.4.)  Plaintiff does not allege facts showing that conditions or practices at those facilities were substantially similar, or that the alleged deficiencies were part of a unified County-wide policy applicable across facilities.  Without such allegations, the cited lawsuits do not plausibly establish notice of a custom or practice at RPDC.  Accordingly, Plaintiff's reliance on prior litigation does not cure the deficiencies in his Monell claim.

These deficiencies are particularly fatal to Plaintiff's failure-to-train theory. To plausibly allege deliberate indifference in training, a plaintiff must show that the municipality was on notice, through a pattern of similar constitutional violations, that its training was deficient and likely to result in the alleged injury.  (Dkt. 41 at 14-15.)  Plaintiff's vague and unsupported references to prior lawsuits do not satisfy this standard and do not permit a reasonable inference that the County of Riverside made a deliberate choice to disregard a known risk.

**5.      Dismissal Without Leave To Amend Objections**

Finally, Plaintiff argues that the Magistrate Judge's recommendation of dismissal without leave to amend constituted an abuse of discretion.  (Dkt. 45 at 13-15.)  This argument is not persuasive.  As detailed in the R&R, Plaintiff has been afforded multiple opportunities to amend and was repeatedly advised of the deficiencies in his pleadings, including the need to identify individual defendants

and allege a viable basis for Monell liability.  (Dkt. 41 at 16-17; see also Dkts. 9, 13, 16, 35.)  Despite these opportunities and explicit guidance, Plaintiff failed to cure the deficiencies.  The Magistrate Judge reasonably concluded that further amendment would be futile.  (Dkt. 41 at 17-18.)

In sum, the Court declines to change its prior decision to accept the findings, conclusions, and recommendations in the R&R.  (Dkt. 43.)

IT IS SO ORDERED.

DATED:  April 6, 2026

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

5